# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CIVIL ACTION |
| DOROTHY CHASE STEWART | NO. 08-3225<br>c/w 08-3669, 08-3852, 08-3853, 08-4805 |
| | [REF: 08-3225] |
| | SECTION "C" 4 |

## ORDER AND REASONS

Before the Court is appellant Wells Fargo N.A.'s (hereinafter "Wells Fargo") "Motion to Stay the Mandatory Audit Injunction Contained in the Bankruptcy Court Judgment Pending Appeal." (Rec. Doc. 37.) The Court heard oral argument on this motion on November 26, 2008. Based on the memoranda and arguments by parties, the record in this case, and the applicable law, the Court denies appellant's motion for the following reasons.

## I.  BACKGROUND

On April 10, 2008, the United States Bankruptcy Court for the Eastern District of Louisiana issued its opinion and judgment regarding an objection filed by debtor Dorothy Stewart to creditor Wells Fargo's proof of claim. The April 10, 2008 judgment required Wells Fargo to

> conduct an audit of all proofs of claim filed on its behalf in this District in cases pending on, or filed after, April 13, 2007, and to provide a complete loan history on every account. For every debtor with a case still pending in thIs District, the loan histories shall be filed into the claims register and Wells Fargo is ordered to amend, where necessary, the proofs of claim already on file to comply with the principles

> established in this case and Jones. For closed cases, Wells Fargo is ordered to
> deliver to Debtor, Debtor's counsel and Trustee a copy of the accounting.

(Rec. Doc. 1-7 at 2)(hereinafter referred to as the "audit portion of the *Stewart* opinion.") Wells Fargo's Notice of Appeal was transmitted to this Court on May 12, 2008. (Rec. Doc. 1.) On October 28, 2008, appellant Wells Fargo filed its "Motion to Stay the Mandatory Audit Injunction Contained in the Bankruptcy Court Judgment Pending Appeal." (Rec. Doc. 37.) Oral argument on the motion was held on November 26, 2008 and was taken under advisement. (Rec. Doc. 51.)

## II. LAW AND ANALYSIS

### A. Stay as of Right

Wells Fargo argues that it is entitled to a stay of the portion of the Bankruptcy Court's April 10, 2008 opinion ordering an audit and re-filing of proof of claims pending in the Eastern District of Louisiana as of right under F.R.C.P. 62(d) (providing an appellant may obtain a stay by giving a supersedeas bond except for actions under 62(a)). Rule 62(a) excepts from stay "an interlocutory or final judgment in an action for an injunction or in a receivership action, or a judgment or order directing an accounting in an action for infringement of letters patent." Rule 62(d) stays only apply to appeals from money judgments.[1] *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992).

---

[1] The Fifth Circuit held:
> Courts have restricted the application of Rule 62(d)'s automatic stay to judgments for money because a bond may not adequately compensate a non-appealing party for loss incurred as a result of the stay of a non-money judgment. *See, e.g., NLRB v. Westphal,* 859 F.2d 818, 819 (9th Cir.1988)(Rule 62(d) did not operate to stay an order directing compliance with NLRB subpoenas); *Donovan v. Fall River Foundry Co.*, 696 F.2d 524, 526-27 (7th Cir.1982)(appellant not entitled to stay of order to

2

Since Wells Fargo is only applying for a stay as to the injunction, it is analogous to *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir.1988)(cited with approval by the Fifth Circuit in *Herbert*, 953 F.2d at 938), where the Court denied a stay of a lower court's order to comply with a subpoena. Accordingly, Wells Fargo is not entitled to a stay as of right under the Federal Rules of Civil Procedure.

### B. Discretionary Stay

#### 1. Federal Bankruptcy Rule 8005

In the alternative, Wells Fargo argues it is entitled to a discretionary stay. The decision to grant or to deny a stay pending appeal falls within the district court's sound discretion. *See In re First South Savings Ass'n*, 820 F.2d 700, 709 (5th Cir.1987.) Federal Rule of Bankruptcy Procedure 8005 governs motions to stay pending appeal of bankruptcy court orders. Rule 8005 permits such a motion to be made to the district court when (1) the motion is presented to the bankruptcy judge in the first instance, and (2) the motion demonstrates why the stay was not obtained from the bankruptcy judge. Wells Fargo's motion does not comply with Bankruptcy Rule 8005 because it does not show why the relief "was not obtained from the bankruptcy judge." *In re Babcock &*

---

   permit OSHA inspection under Rule 62(d)); *United States v. United States Fishing Vessel MAYLIN*, 130 F.R.D. 684, 686 (S.D.Fla.1990) (Rule 62(d) inapplicable because supersedeas bond would not ensure that the Government could adequately compensate claimant for the lost use of his seized commercial fishing boat "and the income that it may produce for him over the many months that its appeal may be pending on the Circuit"). Under this reasoning, the supersedeas bond requirement in Rule 62(d) serves, in money judgment cases, as a "kind-for-kind security to guarantee the judgment." *United States Fishing Vessel MAYLIN*, 130 F.R.D. at 686.

*Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992)(full citations added)

3

*Wilcox*, 2000 WL 533492 (E.D. La. 2000)(*citing In re Duncan*, 107 B.R. 758, 759 (W.D.Okla.1988). Failure to comply with Bankruptcy Rule 8005 is sufficient to deny a motion for a discretionary stay pending appeal. *See Matter of Berryman Products, Inc.*, 159 F.3d 941, 943 (5th Cir. 1998). Appellant filed its Motion to Stay in this Court on October 28, 2008. (Rec. Doc. 37.) According to the docket report in Bankruptcy Court, appellant had requested, and been denied, a stay prior to filing the instant motion. Wells Fargo has failed to satisfy the second prong of Rule 8005, however, because it did not indicate why the Bankruptcy Court denied relief.[2] Although appellant's request for a stay may be denied solely on this ground, for completeness, the Court also addresses whether appellant has satisfied the other requirements for a stay pending appeal.

### 2. Preliminary Injunction Standard

A party seeking a stay pending appeal under Rule 8005 must satisfy the four criteria required for issuance of a preliminary injunction. *See In re Blackwell*, 162 B.R. 117, 119 (E.D.Pa.1993); *In re Ba-Mak Gaming Int'l, Inc.*, 1996 WL 411610, at *1 (E.D.La. July 22, 1996). The movant must show "(1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant,

---

[2] Indeed, appellant has specifically argued that this Court may not consider why the Bankruptcy Court denied relief as contained in her October 14, 2008 opinion. (*See* Rec. Doc. 47.) At oral argument, appellant counsel claimed that this motion for a stay is not an appeal of the Bankruptcy Court's decision, but rather the stay is sought under appellant's independent right to do so under Bankruptcy Rule 8005 and therefore the substance of the October opinion is not before this Court. Without deciding the relevance of the October opinion to Wells Fargo's broader appeal, the Court notes that the October opinion under Rule 8005 is directly relevant to this motion for a stay pending appeal.

and (4) that granting the preliminary injunction will not disserve the public interest." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009)(*citing Canal Auth. v. Callaway*, 489 F.2d 567, 572 (5th Cir.1974)); *see also First South Savings*, 820 F.2d at 709 ( *citing Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir.1982)). The party seeking the stay must satisfy all four of these criteria in order to prevail. *See Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir.1985); *Mitchell v. Secretary of U.S. Dep't of Educ.*, 1998 WL 564310, at 2 (E.D.La. 1998).

    **a.**  **Substantial likelihood of success on the merits**

    **1. *Jones* remand**

Wells Fargo claims it is <u>substantially likely to succeed</u> because it claims the *Stewart* judgment fails in the same way the *Jones* judgment failed, i.e. the Bankruptcy Court did not issue the requisite findings under the Fifth Circuit's four-part test for permanent injunctions.[3] *See Wells Fargo Bank, N.A. v. Jones*, 391 B.R. 577 (E.D.La. 2008)(remanding to Bankruptcy Court the injunctive portion of the Order for additional consideration.) The United States Trustee (hereinafter "Trustee"), as amicus curiae, argues in opposition, however, that the Bankruptcy Court has the inherent authority to issue such injunctions "wherever a party's conduct threatens the integrity of the bankruptcy system" under 11 U.S.C. § 105(a). Moreover, the Trustee concludes that the record below provides a sufficient factual basis to conclude "a lack of adequate remedy at law" and the "pervasive nature of Wells Fargo's misconduct" to meet the requirements of the four-part test for

---

[3] Wells Fargo makes these exact same arguments in its broader appeal of the audit portion of the Stewart opinion. At this point, however, the Court will simply address whether or not Wells Fargo is likely to succeed on the merits instead of issuing broader findings and conclusions regarding whether or not the audit portion should be reversed, remanded, or affirmed.

permanent injunctions. (Rec. Doc. 28.) The Court notes that the *Stewart* opinion and the *Jones* opinion are different in several ways, the most important of which is the Bankruptcy Court's findings of fact and conclusions of law in *Stewart* regarding the systematic aspects of Wells Fargo's conduct. The Court notes the seriousness of Wells Fargo's claims in this regard, but given the differences between *Jones* and *Stewart* and the thoroughness of the Trustee's arguments, the Court is unable to conclude that Wells Fargo is substantially likely to succeed on the merits.

## 2. Due process violation

Wells Fargo also argues that because the audit was ordered without prior notice or an opportunity to be heard, the audit requirement violates appellant's due process rights and the appeal is therefore likely to succeed.[4] The Fifth Circuit has held that due process requires notice and a "fair opportunity and a meaningful hearing to present [] differing versions of those facts before" an injunction is granted. *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (citation omitted). But when no factual disputes are at issue, a hearing is not required. *See PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 546 (5th Cir. 2005). The audit portion of the *Stewart* opinion was issued as a direct result of the three evidentiary hearings, which included the examination of an employee witness of the appellant, and multiple party submissions. The Stewart opinion reflects the Bankruptcy Court's considered resolution, based on the hearings, testimony, and evidence, of the factual disputes between the parties regarding the proper accounting for a debtor's

---

[4] Appellant also raised this claim as an independent ground for vacating the audit portion of the Stewart opinion in its Motion to Stay. (Rec. Doc. 37-2 at 6.) The Court defers appellant's request to vacate the audit portion of the opinion until consideration of the appeal as a whole and instead confines this opinion to whether or not the alleged procedural due process violation presents a substantial likelihood of success on the merits.

account. Based on that resolution of these factual disputes, which were well aired, the Bankruptcy Court issued her opinion requiring Wells Fargo to audit and resubmit certain proofs of claim.

Moreover, appellant has failed to demonstrate surprise, much less prejudice, as a result of the alleged lack of notice. *See* 11A Fed. Prac. & Proc. Civ.2d § 2950 (noting that a party alleging a due process violation when contesting the granting of a permanent injunction following a preliminary injunction hearing must demonstrate prejudice and surprise.) On December 4, 2007, the Bankruptcy Court held an evidentiary hearing that included testimony by Kim Miller, a Wells Fargo Vice-President. (Case No. 07-11113, Hrg. Tr. Dec. 4, 2007.) Ms. Miller was present because at a prior hearing the Court had specifically requested testimony on Wells Fargo's policies and practices. (Case No. 07-11113, Hrg. Tr. Nov. 7, 2007.) Indeed, the Bankruptcy Court indicated at the December 2007 hearing that she intended to issue parameters on future filings to avoid the same systematic errors and inefficiencies in other cases, without comment or objection by Wells Fargo counsel. (Case No. 07-11113, Hrg. Tr. Dec. 4, 2007 at 344.) Moreover, prior proceedings in *Jones* certainly provided a clue that certain accounting practices were disallowed by the Bankruptcy Court. Therefore, even if specific notice and an opportunity were lacking prior to the issuance of the audit portion of the *Stewart* opinion, appellant has failed to demonstrate any prejudice as a result.

Last, appellant has failed to demonstrate what exact right or interest has been deprived even if assuming deficient notice and hearing. *See Board of Regents v. Roth*, 408 U.S. 564, 570 (1972)(holding "the range of interests protected by procedural due process is not infinite.") The Bankruptcy Court ordered Wells Fargo to audit and resubmit certain proofs. Appellant does not brief, and this Court declines the invitation to speculate as to, what protected interest was affected.

7

The Court does note that even if Wells Fargo had a protected interest in not performing the audit, Wells Fargo also had a concomitant obligation to amend and correct proofs of claim. (See *infra* II.B.2.b.) Accordingly, the Court does not find that appellant presents a substantial likelihood of success on the merits under its theory of a due process violation.

### b. Irreparable injury

Second, Wells Fargo claims irreparable injury because it will cost $238,287.25 to complete the audit (12,036.45 man hours). (Rec. Doc. 37-2 at 11.) Appellant also argues that compliance will interrupt its normal business procedures and in the event the audit is vacated by this Court, Wells Fargo will not be able to recoup these costs from any party and will incur additional expenses in returning the claims to the status quo. Wells Fargo also claims the injunction is "unclear, vague, and ambiguous" and even good faith compliance could subject Wells Fargo to contempt proceedings and sanctions. Courts have generally found an irreparable injury in cases where the movant would not have any legal remedy to recoup damages incurred absent a stay. *See e.g., ITT Educational Services, Inc. v. Arce*, 533 F.3d 342, 347 (5th Cir. 2008); *Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 473 (5th Cir. 1985). But a movant must allege specific facts; conclusory allegations of speculative harm will not suffice. *See ITT Educational Services, Inc.*, 533 F.3d at 347. While the appellant does allege specific damages resulting from the audit, irreparable injury has not been clearly established. As the Trustee correctly notes, Wells Fargo has a continuing duty to correct or amend its proofs of claim under both the Rule 9011 of the Federal Rules of Bankruptcy and section 105 of the Bankruptcy Code. (See Rec. Doc. 28-5.) The *Stewart* opinion, for example, provides additional notice to Wells Fargo that any proof of claim containing a fee for

8

a broker price opinion/appraisal must be supported by evidence that the appraisal actually occurred. (Rec. Doc. 1-5 at 2-4.) Wells Fargo, accordingly, has a continuing duty to ensure that its proofs of claim contain adequate evidentiary support. This is particularly true, where as here, a Wells Fargo representative testified that proofs of claim are only reviewed for accuracy after filing. (Rec. Doc. 1-4 at 25.) Therefore, this Court concludes that although appellant will suffer some damages as a result of filing amended proofs of claim, appellant has not demonstrated that those injuries are irreparable under the law or that they even necessarily result absent a stay given appellant's continuing duty to correct and amend its pleadings.

### c. Balance injuries among parties

Third, Wells Fargo claims that because the audit does not apply to debtor Stewart, no substantial harm to other parties will occur. Wells Fargo argues that the debtor Stewart did not request the audit for all other cases and the audit, at this point,[5] only applies to the other debtors in the Eastern District who are not parties to debtor's claim. This factor is primarily concerned with balancing the harm to the movant absent a stay with the harm accruing to other parties if a stay is granted. *See e.g.*, *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)(describing balancing of interests.) But against whom is the movant's potential harm balanced in this case? An early Fifth Circuit case applying this same test referred to "interested persons" instead of parties. *See e.g.*, *Pitcher v. Laird*, 415 F.2d 743, (5th Cir. 1969); *see also Cullen v. Milligan*, 79 Ohio App. 3d 138, 606 N.E.2d 1061 (10th Dist. Franklin County 1992)(referring to "parties in interest" ); *but see*

---

[5] Appellant claims to have filed the required amended proof for debtor Stewart and therefore that aspect of the audit portion of the opinion is moot for these purposes.

*Florida Businessmen for Free Enterprise v. City of Hollywood*, 648 F.2d 956, 957 (5th Cir. 1981)(referring to opposing parties). In the present case, the interests of other debtors in the Eastern District of Louisiana are certainly at issue, and these interests are relevant whether as parties or generally as the public. Without resolving the unique issues present in this motion, the Court proceeds under the most conservative application of "parties" and addresses the interests of the debtors under the fourth factor. Putting aside the interests of other debtors, the Court finds that the harm accruing to the other named party in this case, Dorothy Stewart, is minimal if a stay is not granted. However, given that the movant's injury necessarily resulting from the injunction is unclear, the Court does not find this factor to be particularly helpful in assessing whether or not a stay should be granted in this case.

### d. Public interest

Last, Wells Fargo argues that the public does not have an interest in whether the audit is conducted now, later, or ever. Furthermore, Wells Fargo argues that if the stay is denied but the audit portion of the Stewart Opinion is reversed, debtors in the Eastern District may be prejudiced because they will have had to contact counsel and make decisions regarding their claims. First, the Court finds that the potentially affected debtors' interest lies in an accurate and evidentiary based proof of claim. If the stay is granted, debtors may make decisions in their individual cases based on inaccurate proofs of claim. If the audit portion of the opinion is reversed, the potential harm of contacting counsel appears slight. Second, the Court finds a significant public interest in denying a stay in this case. Judicial efficiency has long been recognized as a significant public interest in a variety of contexts. *See e.g.*, *U.S. v. Jones*,

839 F.2d 1041, 1045 (5th Cir. 1988)(addressing error of joint trial in a criminal case); *McAuslin v. Grinnell Corp.*, 2000 WL 1059850 (E.D. La. 2000)(addressing dispensable parties). The *Stewart* opinion specifically notes obtaining a proper proof of claim required four months of investigation and three separate hearings (Rec. Doc. 1-5 at 20.) Accordingly, the Court finds that the public interest weighs against granting appellant's request for a stay.

Taken together, the Court finds that Wells Fargo has failed to demonstrate that the audit portion of the Stewart opinion should be stayed under the four-part test governing preliminary injunctions.

### III. Alternative Request for Interlocutory Appeal Certification

In a supplemental brief, appellant Wells Fargo requests that this Court certify this ruling for interlocutory appeal to the Fifth Circuit under 28 U.S.C. §1292(b) and 28 U.S.C. §158(d). (Rec. Doc. 67 at 20.) In *Rico v. Flores*, 481 F.3d 234, 238 (5th Cir. 2007), the Fifth Circuit stated that "Title 28, § 1292(b) of the United States Code permits a court to certify an interlocutory appeal where (1) a controlling question of law is involved, (2) there is substantial ground for difference of opinion about the question of law, and (3) immediate appeal will materially advance the ultimate termination of the litigation." In *U.S. v. Garner*, the Fifth Circuit held that "[t]he purpose of § 1292(b) is to provide for an interlocutory appeal in those exceptional cases" where the three part test is satisfied. *U.S. v. Garner*, 749 F.2d 281 (5th Cir. 1985). A 1292(b) interlocutory appeal is not justified where "none of the questions [of law] is

particularly difficult and most appear to be merely fact-review questions." *Clark-Dietz and Associates-Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983.)

Wells Fargo only addresses the last of the *Rico* factors in its request, claiming that a stay granted on appeal would in effect lessen its alleged irreparable injury should the audit portion of the Stewart opinion eventually be vacated. "In determining whether certification will materially advance the ultimate termination of the litigation, the district court considers whether it will eliminate the need for trial, eliminate complex issues, or streamline issues to simplify discovery." *In re Babcock & Wilcox Co.*, 2000 WL 823473, 2 (E.D.La. 2000.) First, for the reasons discussed *supra*, whether any damages which may be suffered by appellant result from the stay and not from other obligations is unclear. Second, even if the injury is lessened by a stay, an appellate stay will not eliminate the need for this Court to determine the appellant's broader appeal of the *Stewart* opinion, including both the audit portion and the merits of the Bankruptcy Court's findings. Thus, certification is unlikely to "eliminate complex issues." Accordingly, this Court denies appellant's request to certify this ruling for appellate review.

### IV.    CONCLUSION

Accordingly,

IT IS ORDERED that Appellant's "Motion to Stay the Mandatory Audit Injunction Contained in the Bankruptcy Court Judgment Pending Appeal" (Rec. Doc. 37) is DENIED.

New Orleans, Louisiana this 5th day of June, 2009.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**